UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17CV-00620-RGJ-RSE

BRYAN DEJUAN LUSCO                                                                          PLAINTIFF

VS.

DAE INDUSTRIES                                                                              DEFENDANT

## MEMORDANDUM OPINION
## AND ORDER

In this Title VII lawsuit, Defendant DAE Industries has struggled to get complete and responsive answers to its written discovery requests from Plaintiff Bryan Dejuan Lusco. Because of these ongoing issues, DAE filed the instant Motion to Compel Discovery. (DN 30). Lusco has filed a response (DN 33), and DAE has filed a reply (DN 34). On August 9, 2018, the Court held a telephonic status conference with the parties and discussed DAE's motion to compel. (*See* DN 37). DAE identified the remaining perceived deficiencies in Lusco's discovery responses. (*Id.*). After taking the matter under submission, DAE's motion to compel is **denied.**

### Background

Plaintiff Bryan Lusco filed this *pro se* action against his former employer, DAE Industries, alleging that he was wrongfully retaliated against and terminated based on his race and sex for reporting the harassment and threats of his supervisor, Stephen Tuttle. (DN 1, Complaint, at p. 5). Since the case's inception, DAE has experienced difficulties in communicating with Lusco as a *pro se* plaintiff. DAE states that it contacted Lusco numerous times to conduct the parties' planning meeting, as required by Rule 26(f), but that Lusco still hadn't responded after the deadline for the

1

meeting passed. (DN 30, at p. 2). DAE was then forced to submit a unilateral proposed discovery plan to the Court. (*Id.*; DN 15, at ¶ 1). That plan required the parties to serve their Initial Disclosures by no later than February 27, 2018. (DN 15, at ¶ 2). DAE complied with this deadline, but Lusco did not. (DN 30, at p. 2).

Lusco likely had trouble complying with the initial disclosure deadline because on February 20, 2018, he was charged with carrying a concealed deadly weapon, receiving stolen property, and being a convicted felon in possession of a handgun. (DN 16, Motion for Protective Order, at p. 2; DN 16-3). He was in custody from February 20, 2018 to March 2, 2018. (*Id.*). Shortly after his release from custody, Lusco allegedly began harassing the DAE premises. Lusco's conduct spurred DAE to file a Motion for Protective Order.[1]

On March 13, 2018, the Court held an in-person Rule 16 conference, at which Lusco appeared. (DN 24). During the conference, Lusco filed his untimely Rule 26 Initial Disclosures. (*See* DN 19). DAE claims those disclosures were insufficient. (DN 30, at p. 5). One week later, DAE served its first set of written discovery requests to Lusco. (*Id.*). By April 27, 2018, Lusco had failed to respond or request an extension. (*Id.*). DAE notified Lusco by letter of his failure to respond, and three days later Lusco e-mailed DAE's counsel that he had been dealing with several health issues and two deaths in his family but would "submit everything ASAP!" (*Id.* (citing DN

---

[1] A tangential issue in this case has been DAE's repeated requests for entry of a protective order to "bar Lusco from DAE's premises or from contacting DAE's employees" because of Lusco's alleged harassing conduct. (DN 16; DN 20, DN 24). DAE alleged in their original Motion for protective order that from March 6, 2018 to March 8, 2018, Lusco would drive to the DAE premises and seek to gain entrance at the security gate; stop his vehicle in front of the gate; park across the street from the gate; ask to see DAE employees; call DAE employees; and threaten, swear at, or verbally accost DAE employees. (*Id.*). Lusco eventually agreed to entry of such a protective order during the parties' Rule 16 conference before the court. (*See* DN 24).

Magistrate Judge Dave Whalin ultimately denied DAE's requests for entry of a protective order on May 17, 2018, because he found "the parties' agreement is fully enforceable as it presently stands without being set out as an order of the Court . . . Absent some further dispute requiring the Court's intervention, the parties need only document the terms of their agreement, which has been done." (DN 26). DAE appears to highlight Lusco's previous alleged harassing conduct in the present Motion to Compel as further evidence that Lusco "was exhibiting [] tactics of non-responsiveness and obstruction[.]" (DN 30, at p. 5).

2

30-2)). By May 17, 2018, Lusco still had not submitted his promised responses, and DAE requested a telephonic conference with the Court. (*Id.*; DN 27).

Two days before the impending discovery conference, Lusco submitted handwritten discovery responses to DAE. (DN 30-3). DAE states that these responses were "plainly deficient under Rules 26, 33, 34, and 36" so the discovery conference proceeded as scheduled. (DN 30, at p. 5). During the conference on May 24, 2018, DAE identified the deficiencies in Lusco's responses, and the Court explained to Lusco that he should review the *pro se* handbook so that he understands his discovery obligations because *pro se* plaintiffs must follow the federal rules. (*Id.* at p. 6). The Court gave Lusco thirty days to supplement his responses to provide complete answers in accordance with Rules 26(a)(1)(A), 33, 34, and 36. (DN 29). Those thirty days passed without Lusco providing any supplemental responses. Accordingly, on July 5, 2018, the Court granted DAE permission to file the instant motion to compel.

Motion to Compel

On July 6, 2018, DAE filed this motion to compel seeking that Lusco be required to supplement his initial disclosures, his responses to interrogatories, and his requests for production of documents. (DN 30, at pp. 8-9). DAE also asks that its requests for admission be deemed admitted and that the Court award reasonable expenses, including attorney's fees under Rule 37(a)(5). (*Id.* at p. 9). If Lusco does not comply with any additional order of the Court, DAE seeks dismissal of his claims under Rule 37(b)(2)(A)(v) or Rule 41(b). (*Id.*).

One week after DAE filed its motion, Attorney Brandon Edwards entered an appearance on Lusco's behalf (DN 32) and filed a response to DAE's motion to compel (DN 33). The response is concise; it does not address any of the specific discovery deficiencies identified in DAE's motion

to compel. Instead, the response explains that since the date of DAE's motion to compel, Lusco's newly retained counsel has supplemented the discovery requested by DAE. (*Id.*). Because he believes Lusco has now complied with the discovery obligations, his counsel argues that DAE's motion to compel is moot. (*Id.*).

Following this response, Lusco's counsel provided another set of supplemental discovery responses to DAE on July 20, 2018. (*See* DN 34-3). DAE e-mailed Lusco's counsel on July 23, 2018, indicating the supplemental responses still had problems. (DN 34-4). Most notably, DAE sought a fully completed IRS Form 4506 and an executed verification of Interrogatories from Lusco. (*Id.*). Lusco's counsel responded on July 24 that he would address those issues. (*Id.*).

The next day, DAE filed its reply to its motion to compel, asserting that Lusco's counsel-assisted responses remain insufficient, except for Lusco's supplemental initial disclosures. (DN 34). DAE specifies that Lusco's response to Interrogatory No. 2 is deficient, that Lusco has failed to execute a signed verification for his Interrogatories, and that Lusco has failed to complete the IRS Form 4506. (*Id.* at pp. 4-6). DAE also claims that Lusco improperly responded to each Request for Production by stating he was not currently in possession of any documentation responsive to the requests. (*Id.* at p. 6). Lastly, DAE reiterates its request for the Court to deem its Requests for Admission as admitted because Lusco has cited no authority for avoiding the automatic admission penalty in Rule 36(a)(3). (*Id.* at p. 2).

On August 9, 2018, the Court held a telephonic status conference with the parties, where the status of DAE's motion to compel was discussed. (DN 37).[2] DAE confirmed that Lusco has

---

[2] During this telephonic conference DAE again brought up the potential need for a "protective order" from this Court to prevent Lusco from entering DAE's property. Apparently Lusco violated the parties' agreement and returned to DAE's front gate to taunt its employees following the filing of DAE's motion to compel. (*See* DN 34, at pp. 2-3). Lusco's counsel indicated to DAE that Lusco would not engage in further contact with DAE. (*Id.*). During the August 9 conference, the Court reiterated the position that Magistrate Judge Dave Whalin took in his Order at DN 26, and further explained that this Court is not the proper avenue for the type of relief that DAE seeks.

now provided DAE with a completed IRS Form 4506 and a sworn verification of Interrogatory answers. However, disputes regarding Lusco's response to Interrogatory No. 2, Lusco's responses to the Requests for Production of Documents, and Lusco's late and deficient responses to Requests for Admissions remain.

Analysis

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure or discovery when "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Under this Rule, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The party seeking discovery bears the burden of proving that a discovery response is inadequate. *Equal Rights Center v. Post Props, Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007).

A. Interrogatory No. 2

DAE complains that Lusco has still not fully responded to Interrogatory No. 2, which requested:

> State whether you have been employed in any manner (or self-employed) at any time from May 1, 2017 through the present and state that dates of such employment or self-employment, the name and address of each company, business enterprise, organization or public employer where you are or have been employed or self-employed, the name of your supervisor, the title of each position you have held, the date you have held each position, the salary and benefit you have received from each position, the duties of each position and the reason you left the employment of any company identified in your responses to this interrogatory.

(DN 34-3, at p. 9).

Lusco's most recent response, from July 20, 2018, states:

> The Plaintiff has been self-employed. He works along with family member [sic] whom own rental properties. He primarily assists with the property maintenance. His income fluctuates in this position and he cannot provide a set income to answer this interrogatory. He will supplement this interrogatory as he reviews his income. Mr. Lusco may have stated in Court that he makes 65,000 a year from self-employment, however that statement was not true. As a [sic] employee of his family's business, his parent [sic] will pay for his living expenses. The monetary of which is 10,000-15,000 dollars. Attached is IRS form from which the defendant can request his last year tax return.

(*Id.*). DAE claims this answer fails to provide the detail necessary to fully respond to the Interrogatory and that Lusco is attempting to escape his discovery obligations by vaguely promising that sometime in the future he will review his documents and again supplement his answer. (DN 34, at p. 5). Although Lusco's response does not address this specific interrogatory response, Lusco's counsel stated during the August 9 telephonic conference with the Court that this answer is complete because Lusco's only income comes from working on family property and Lusco's family cares for him and pays his bills. After clarification from Lusco's counsel, the Court is satisfied with Lusco's response to Interrogatory No. 2 and finds no additional response from Lusco is necessary.

## B. Requests for Production of Documents

DAE similarly remains dissatisfied with Lusco's production of documents, or lack thereof. (DN 34, at p. 6). DAE claims Lusco's assertions that "he does not currently possess any responsive documents" are gamesmanship. (*Id.*). DAE specifically seeks documents responsive to all requests, except Request No. 4. (*Id.*). During the August 9 telephonic conference, Lusco's counsel reiterated that Lusco doesn't have any responsive documents. Lusco's counsel explained that he has tried to obtain text messages from a cellular company on a past phone number but has not succeeded.

Federal Rule 34(a)(1) requires a party to produce documents in his or her possession, custody, or control, "that already exist" but does not require a party "to create a document in

response to a request for production." *Harris v. Advance Am Cash Advance*, 288 F.R.D. 170, 174 (S.D. Ohio 2012) (citing *In re Porsche Cars, N.A., Inc.*, No. 2:11-md-2233, 2012 WL 4361430, at *9 (S.D. Ohio Sept. 25, 2012)). Lusco and his counsel have made efforts to produce responsive documents since DAE filed its motion to compel and have indicated that Lusco doesn't have any additional responsive documents in his possession, custody, or control. Because the Court cannot order Lusco to produce documents that do not exist, it denies DAE's request that Lusco be compelled to produce additional documents.

C. Admissions

DAE also seeks its requests for admission be deemed admitted under Federal Rule 36(a)(3). (DN 34, at p. 3). DAE alternatively alleges Lusco's supplemental responses to its requests for admissions, specifically his responses to request Nos. 7 and 8, are substantively deficient. (*Id.* at p. 4).

Federal Rule of Civil Procedure 36(a)(3) specifies that a party responding to a request for admission must do so within 30 days. A matter is deemed admitted under this Rule unless "within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). In other words, a party's failure to respond within 30 days "means that the request [sic] for admissions are deemed admitted by default." *Bell v. Konteh*, 253 F.R.D. 413, 415 (N.D. Ohio Sept. 19, 2008). The parties may, however, stipulate to a shorter or longer time for responding under Rule 29 or the Court can order adjustment of the response period. Fed. R. Civ. P. 36(a)(3).

While DAE is correct that Lusco's initial responses to its requests for admissions were untimely, Lusco was proceeding *pro se* and was not initially notified that failing to respond would

7

result in the requests being admitted as true. Moreover, Lusco submitted responses to DAE's requests for admissions just a month after the deadline expired. District courts within the Sixth Circuit have noted their disinclination to strictly applying Rule 36(a)(3) against a *pro se* party. *See, e.g., Gilliam v. Ordiway*, No. 15-cv-11833, 2016 WL 6803135, at *3 (E.D. Mich. Oct. 20, 2016); *Morris v. Christian Cnty Sheriff's Dept*, No. 5:12-CV-00156-TBR, 2013 WL 5934151, at *5 (W.D. Ky. Nov. 5, 2013) (noting court's inclination to permit *pro se* plaintiff a final opportunity to respond to requests for admission before sanctioning him). Then, in mid-July, Lusco retained counsel, who promptly submitted supplemental responses to DAE's requests for admissions. (*See* DN 33-1). Lusco's counsel also submitted a second set of supplemental responses to DAE's requests for admissions less than a week later, on July 20, 2018. (*See* DN 34-3).

After reviewing Lusco's most recent submission, the Court finds Lusco's responses are substantively appropriate under Rule 36. DAE's Request No. 7 states: "At one point in the video, Duncan entered the DAE provide [sic] vehicle and makes a comment: I need to stop drinking." (DN 34-3, at p. 3). Lusco's response reads:

> The Plaintiff cannot admit or deny the contents of the video, and therefore denies. Mr. Lusco does not recall if Mr. Duncan entered the vehicle. Further this interrogatory ask [sic] Mr. Lusco to recall the contents of a video he saw over a year ago. A video that is not in his possession, and is in the possession of Mr. Duncan.

(*Id.*). DAE's Request No. 8 states: "At times Duncan is in the DAE provided vehicles, Lusco and Boyd are also in the vehicle. In the video, Duncan starts to [sic] DAE vehicle and drives away." (*Id.* at p. 4). Lusco's response reads: "The Plaintiff cannot admit or deny the contents of the video, and therefore denies." (*Id.*). The Court agrees with DAE that Lusco's statements in his responses that he "cannot admit or deny the contents of the video" are somewhat ambiguous. However, his statement that follows – that he "therefore denies [the request]" – constitutes a specific denial,

which is sufficient for purposes of Rule 36. *See e.g., In re Wahlie*, Nos. 11-3157, 10-31680, 2011 WL 6757006, at *2 (N.D. Ohio Dec. 23, 2011) ("the use of the word 'DENY,' in a response to a matter for which an admission is requested, is not deficient for purposes of Rule 36[.]"). While DAE may not like Lusco's responses, mere displeasure with a discovery response is not grounds for deeming a party's otherwise appropriate responses as admitted under Rule 36.

Based on these considerations, application of Rule 36(a)(3) is not appropriate here based on either untimeliness or incomplete responses. Lusco's responses to DAE's requests for admission are deemed sufficient.

Conclusion

Since DAE filed its motion to compel with the Court, Lusco's counsel has submitted two sets of supplemental discovery responses attempting to fully comply with Lusco's discovery obligations. After reviewing the discovery responses at issue and considering the updates offered about the dispute during the August 9 telephonic conference, the Court finds Lusco has adequately responded to DAE's discovery requests. Accordingly, DAE's motion to compel is denied.[3]

The Court, however, reinforces the expectation that all parties, whether *pro se* or represented by counsel, comply with its mandates and adhere to the Federal Rules of Civil Procedure going forward in this case.

---

[3] Because the Court is denying DAE's motion to compel, DAE is not entitled to the attorney's fees it seeks under Federal Rule 37(a)(5). *See* Fed. R. Civ. P. 37(a)(5)(A) (permitting party to recovery attorney's fees where a party successfully moves to compel discovery). DAE also makes its motion to compel "under penalty of dismissal under Rule 37(b)(2)(A)(v) or 41(b) for any further non-compliance and disobedience" by Lusco. (DN 34, at p. 3). However, since the Court is denying DAE's motion to compel, discussion of dismissal based on any further noncompliance by Lusco is unnecessary.

<u>Order</u>

**IT IS HEREBY ORDERED** that Defendant DAE Industries' Motion to Compel (DN 30) is **DENIED.**

Copies: Counsel of Record